# 22-641

IN THE

# United States Court of Appeals
## FOR THE SECOND CIRCUIT

————

JANIE MARCAUREL, individually and on behalf of all others similarly situated,
SHELBY INGRAM, individually and on behalf of all others similarly situated, NOLAN
BRODIE, individually and on behalf of all others similarly situated, MARK
KRENZER, GABRIEL FIERRO, GERALD DAVIS, MARY J. FUSILIER, CLIFFORD HARRIS,
MIGUEL MONTELONGO, STEVEN DUDLEY,

*Plaintiffs – Appellants*,

ANDREW KANTACK,

*Plaintiff,*

—against—

USA WASTE-MANAGEMENT RESOURCES, LLC,

*Defendant – Appellee*,

WASTE MANAGEMENT, INC.,

*Defendant.*

————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR PLAINTIFFS – APPELLANTS

MATTHEW M. GUINEY
LILLIAN GRINNELL (admission pending)
WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016
Tel: (212) 545-4600
Fax: (212) 686-0114

*Counsel for Plaintiffs-Appellants*

# TABLE OF CONTENTS

**Page(s)**

INTRODUCTION ................................................................................1

JURISDICTIONAL STATEMENT ....................................................3

STATEMENT OF THE ISSUES.........................................................4

STATEMENT OF THE CASE.............................................................5

    I.    Procedural Background ........................................................5

    II.   Factual Background..............................................................6

SUMMARY OF ARGUMENT ...........................................................8

STANDARDS OF REVIEW ...............................................................9

ARGUMENT .....................................................................................10

    I.    The District Court Abused Its Discretion in Failing to Provide Plaintiffs an Opportunity to Amend their Complaint.........................10

    II.   The District Court Misapplied the Rule 8 Pleading Standard.............16

    III.  The District Court Erred in Dismissing the CCPA Claim .................22

        A. Plaintiffs Plausibly Allege Waste Management Breached Its Duty. ................................................................ 22

        B. Plaintiffs Sufficiently Allege Defendant Failed to Cure its CCPA Violations............................................... 24

CONCLUSION ..................................................................................28

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................16

*Attestor Value Master Fund v. Republic of Arg.*,
   940 F.3d 825 (2d Cir. 2019) ...........................................................10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................... 9, 16

*Biscone v. JetBlue Airways Corp.*,
   681 F. Supp. 2d 383 (E.D.N.Y. 2010) ............................................19

*Cresci v. Mohawk Valley Cmty. Coll.*,
   693 F. App'x 21 (2d Cir. 2017) ........................................... 11, 14, 15

*Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*,
   No. 316CV00014GPCBLM, 2016 U.S. Dist. LEXIS 152838
   (S.D. Cal. Nov. 3, 2016) ..................................................................18

*Foman v. Davis*,
   371 U.S. 178 (1962) ...................................................................12, 13

*Gurary v. Winehouse*,
   235 F.3d 792 (2d Cir. 2000) ..............................................................9

*Kaplan v. Lebanese Canadian Bank, SAL*,
   999 F.3d 842 (2d Cir. 2021) ............................................................16

*Karter v. Epiq Sys. & Epiq Class Action & Claims Solutions*,
   No. SACV 20-01385-CJC (KESx), 2021 U.S. Dist. LEXIS 189258
   (C.D. Cal. July 16, 2021) ............................................................18, 21

*Kopchik v. Town of E. Fishkill*,
   759 F. App'x 31 (2d Cir. 2018) ........................................................11

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
   797 F.3d 160 (2d Cir. 2015) .................................................. 10, 11, 12

*Maag v. U.S. Bank,*
  No. 21-cv-00031-H-LL, 2021 U.S. Dist. LEXIS 233009
  (S.D. Cal. Apr. 8, 2021).................................................................... 22, 24

*Nicosia v. Amazon.com, Inc.*,
  834 F.3d 220 (2d Cir. 2016) ..................................................................9

*Police and Fire Ret. Sys. v. IndyMac MBS, Inc.*,
  721 F.3d 95 (2d Cir. 2013) ...................................................................19

*Porat v. Lincoln Towers Cmty. Ass'n*,
  464 F.3d 274 (2d Cir. 2006) .................................................................10

*Portier v. NEO Tech. Sols.*,
  No. 3:17-CV-30111-TSH, 2019 U.S. Dist. LEXIS 227494
  (D. Mass. Dec. 31, 2019)......................................................................18

*Portier v. NEO Tech. Sols.,*
  No. 3:17-CV-30111-TSH, 2020 U.S. Dist. LEXIS 28521
  (D. Mass. Jan. 30, 2020).......................................................................18

*Purdue Pharma L.P. v. Kentucky*,
  704 F.3d 208 (2d Cir. 2013) ...................................................................3

*Resnick v. AvMed, Inc.*,
  693 F.3d 1317 (11th Cir. 2012).............................................................16

*Sackin v. TransPerfect Global, Inc.,*
  278 F. Supp. 3d 739 (S.D.N.Y. Oct. 4, 2017) ............................... 20, 21

*Senisi v. John Wiley & Sons, Inc.*,
  No. 13CV3314-LTS-AJP, 2016 U.S. Dist. LEXIS 33338
  (S.D.N.Y. Mar. 15, 2016).....................................................................11

*T-Mobile W. LLC v. City & Cnty. of San Francisco*,
  3 Cal. App. 5th 334 (2016)....................................................................27

*T-Mobile W. LLC v. City & Cnty. of San Francisco*,
  6 Cal. 5th 1107 (2019)..........................................................................27

*T-Mobile W. LLC v. City & Cnty. of San Francisco*,
   No. A144252, 2016 Cal. App. LEXIS 859
   (Oct. 13, 2016) ...................................................................................27

*Toretto v. Donnelley Fin. Sols., Inc.*,
   No. 1:20-CV-2667-GHW, 2022 U.S. Dist. LEXIS 20558
   (S.D.N.Y. Feb. 4, 2022) ....................................................................18

*Ward v. Argon Med. Devices, Inc.*,
   No. 3:17-CV-640, 2018 U.S. Dist. LEXIS 46801
   (N.D.N.Y. Mar. 22, 2018) ..................................................................21

*Williams v. Citigroup Inc.*,
   659 F.3d 208 (2d Cir. 2011) ..................................................... 10, 11, 15

## Statutes

28 U.S.C. § 1291 ........................................................................................4
28 U.S.C. § 1332(d) ..............................................................................3, 4
Cal. Bus. & Prof. Code § 17200 ...............................................................6
Cal. Civ. Code § 1798.150 .............................................................. *passim*
Cal. Civ. Code § 1798.80 ...........................................................................6

## Rules

FRCP 8 ............................................................................................ 2, 8, 16
FRCP 9(b) .......................................................................................... 8, 16
FRCP 12(b) ................................................................................. 1, 6, 9, 10
FRCP 15 .................................................................................. 2, 10, 12, 15
Rule 23 .....................................................................................................19

iv

## INTRODUCTION

Through no fault of their own, Plaintiffs[1] and Appellants were victimized by the theft and misuse of their sensitive personally identifiable information ("PII") by cyberthieves. Their PII, which includes names, Social Security numbers (or National IDs), dates of birth, and driver's license numbers, was stolen from Defendant USA Waste-Management Resources, LLC ("Defendant" or "Waste Management"), their present or former employer or company to whom they applied for work. Plaintiffs allege this theft was caused by Waste Management's failure to implement reasonable data security measures despite knowing the sensitivity of the PII provided to it by Plaintiffs and the likely risk of theft. Because of Waste Management's deficient data security, an unauthorized third party accessed, acquired, and stole the sensitive PII of 268,510 of Defendant's employees, former employees, and their dependents, including Plaintiffs.

This appeal arises from the District Court's improper dismissal of Plaintiffs' consolidated complaint—following Waste Management's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP")—without affording

---

[1] The named Plaintiffs here are Janie Marcaurel, Gabriel Fierro, Shelby Ingram, Mark Krenzer, Mary J. Fusilier, Clifford Harris, Nolan Brodie, Miguel Montelongo, Gerald Davis, and Steven Dudley.

Plaintiffs even one opportunity to amend. The District Court erred in three respects, warranting reversal by this Court.

First, the District Court abused its discretion by not giving Plaintiffs an opportunity to amend their complaint to cure the supposed defects the District Court identified. FRCP 15(a)(2) provides that leave to amend shall be freely given when justice so requires, and case law in this Circuit makes clear this mandate is especially applicable when an order granting a motion to dismiss is the first time the lower court has ruled on the merits—exactly the case here. The consolidated complaint was the first complaint filed in the consolidated action, and the order dismissing it was the first ruling on the merits. As such, the District Court should have given Plaintiffs an opportunity to amend their Complaint.

Second, rather than applying FRCP 8's "short and plain statement" pleading standard, the District Court improperly required Plaintiffs to plead detailed factual allegations. The District Court also failed to accept as true all nonconclusory factual allegations and draw all reasonable inferences in the Plaintiffs' favor. Instead, the District Court inexplicably disregarded Plaintiffs' well-pleaded allegations and found the Complaint did not allege that Defendant failed to store its employees' PII in an encrypted format, that it failed to delete old data, or that it failed to adhere to Federal Trade Commission ("FTC") data security guidelines. But these matters are in fact all alleged in the Complaint.

Finally, the Court erroneously dismissed Plaintiffs' California Consumer Privacy Act ("CCPA") claim, finding Plaintiffs had failed to adequately allege Waste Management breached its duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information and failed to cure its violations of the CCPA. Both of these holdings were error. The Complaint pleads detailed measures that Waste Management reasonably should have taken and did not, and that Waste Management failed to cure the violation within the CCPA's 30-day statutory period.

The District Court therefore should not have dismissed Plaintiffs' Complaint or, at the very least, should have provided Plaintiffs an opportunity to amend and cure the pleading deficiencies it believed were present.

## JURISDICTIONAL STATEMENT

The District Court had subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"). Joint Appendix ("JA") 131. CAFA confers federal jurisdiction over certain class actions where: (1) the proposed class contains at least 100 members; (2) minimal diversity exists between the parties; and (3) the aggregate amount in controversy exceeds $5,000,000. *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (citation omitted). In this case, there are over 100 class members, and the aggregate amount of the class members' claims exceeds $5,000,000. Additionally, Defendant Waste Management is a New

3

York LLC with its principal place of business in Texas, while several plaintiffs reside in other states, including California. *See* 28 U.S.C. § 1332(d)(10) (under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."). CAFA's diversity, numerosity, and amount-in-controversy requirements have therefore been satisfied. JA131.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291 because this appeal is from a final order or judgment of the District Court that disposes of all parties' claims. JA14-15, JA127-53, JA154.

This appeal is timely because the District Court entered Judgment on February 24, 2022, and Appellants filed their Notice of Appeal within 30 days, on March 25, 2022. JA15, JA154, JA155.

## STATEMENT OF THE ISSUES

The issues on appeal include:

(1)     Whether the District Court abused its discretion in denying Plaintiffs an opportunity to amend their complaint when the order dismissing Plaintiffs' Complaint was the first time the District Court had ruled on the merits of the Complaint;

(2)     Whether the District Court failed to properly apply the Rule 8 pleading standard;

4

(3)     Whether the District Court properly accepted as true all allegations in the Complaint and drew all reasonable inferences in the Plaintiffs' favor;

(4)     Whether Plaintiffs adequately alleged that Waste Management breached its duty under the CCPA "to implement and maintain reasonable security procedures and practices appropriate to the nature of the information" (Cal. Civ. Code § 1798.150(a)(1)); and

(5)     Whether plaintiffs adequately alleged that Waste Management failed to cure its violations of the CCPA.

## STATEMENT OF THE CASE

### I.      Procedural Background

This case is a consolidation of four separate class actions against Waste Management that were filed in July and August of 2021. JA9-10.[2] In the order of consolidation, the District Court, the Honorable Denise Cote, ordered Plaintiffs to file a consolidated complaint. JA11-12, JA16-19. Plaintiffs filed the Amended[3] Consolidated Class Action Complaint ("Complaint") on November 29, 2021, asserting claims against Waste Management for its failure to properly secure and

---

[2]  The members of the putative Classes include the other people who also had their PII stolen in the data breach.

[3] Despite its name, the Amended Consolidated Class Action Complaint was the first pleading filed in the consolidated action. Plaintiffs were not permitted any amendment of that pleading.

safeguard the PII it requested from its employees as a condition of employment, including their full names, Social Security numbers (or National IDs), dates of birth, and driver's license numbers. JA32 at ¶ 6. Plaintiffs asserted claims for: (1) Negligence; (2) Breach of Contract; (3) Breach of Implied Contract; (4) Breach of Confidence; (5) Breach of Fiduciary Duty; (6) Unjust Enrichment; (7) Declaratory and Injunctive Relief; (8) Violation of California's Consumer Privacy Act (Cal. Civ. Code § 1798.150); (9) Violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq*.); and (10) Violation of California's Customer Records Act (Cal. Civ. Code § 1798.80, *et seq*.).

Waste Management then moved under FRCP 12(b)(6) to dismiss the Complaint for failure to state a claim. *See* JA113-14. On February 24, 2022, the District Court issued an order granting the motion to dismiss, reasoning that Plaintiffs had failed to state any claim for relief. *See* JA14-15, JA127-54. Plaintiffs were not granted leave to amend. The judgment was entered the same day as the dismissal order and the case was closed. Plaintiffs filed a timely Notice of Appeal on March 25, 2022. JA15, JA155.

## II.    Factual Background

As a result of Defendant's failure to exercise due care, an unauthorized third party (aka a "hacker") accessed, acquired, and stole the sensitive PII from Defendant's computer systems. JA33 at ¶ 11. Between January 21 and January 23,

6

2021, the unauthorized hacker entered Waste Management's computer environment and accessed and stole files (the "Data Breach"). JA33 at ¶ 11. Waste Management eventually determined the Data Breach involved files containing sensitive PII, including data such as names, Social Security numbers (or National IDs), dates of birth, and driver's license numbers of employees and former employees (and their dependents). JA33 at ¶ 11.

Despite first detecting "suspicious activity" on January 21, 2021, Waste Management waited approximately *four months* to notify victims of the Data Breach. JA41 at ¶ 39. In Plaintiffs' case, the letters they received from Waste Management notifying them of the Data Breach were not sent until May 28, 2021. JA41 at ¶ 39.

Because of Waste Management's failure to both properly secure the PII in its possession and notify victims of the breach in a timely manner, Plaintiffs and putative Class members have an ongoing, imminent, immediate, and continuing increased risk of harm from identity theft and fraud. Indeed, multiple Plaintiffs were victims of identity theft temporally linked to the Data Breach, in which bad actors made fraudulent purchases or attempted to collect government benefits in their names. JA56-57 at ¶¶ 98-99, JA61-62 at ¶¶ 123-24, JA63 at ¶ 135, JA64 at ¶ 138, JA65 at ¶ 149, JA67 at ¶ 163. Plaintiffs also began to experience an increase in the amount of spam and phishing attempts targeting them. JA52 at ¶¶ 74-75, JA54 at ¶¶ 86-87, JA56-57 at ¶¶ 98-99, JA59 at ¶¶ 111-12, JA61-62 at ¶¶ 123-24, JA64 at ¶¶ 137-38,

JA65-66 at ¶¶ 150-51, JA67 at ¶ 162, JA68 at ¶ 164, JA69-70 at ¶¶ 175-76, and JA71 at ¶¶ 187-88. And finally, Plaintiffs have been required to take time which they otherwise would have dedicated to other life demands, such as work and family, to mitigate the impact of the Data Breach on their lives. JA74 at ¶ 204.

## SUMMARY OF ARGUMENT

The order of the District Court must be reversed and the Judgment vacated for three reasons.

First, the District Court abused its discretion by not giving Plaintiffs an opportunity to amend their complaint to cure the defects that the District Court identified. Several decisions by this Court have made it abundantly clear that in all but the most exceptional circumstances, plaintiffs should be given at least one opportunity to amend their complaint following the granting of a motion to dismiss. The District Court failed to heed that mandate here and abused its discretion in so doing.

Second, the District Court failed to apply FRCP 8 in assessing the adequacy of Plaintiffs' allegations and failed to accept as true all nonconclusory factual allegations and draw all reasonable inferences in the Plaintiffs' favor. Instead, the District Court conflated the plausibility requirement with the particularity standard of FRCP 9(b), ignoring Plaintiffs' well-pleaded allegations.

Finally, the District Court erroneously dismissed Plaintiffs' CCPA claim, incorrectly finding Plaintiffs failed to adequately allege Waste Management breached its duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information and failed to cure its violations of the CCPA. These holdings were error because the Complaint pleads detailed measures that Waste Management reasonably should have taken and did not, and that Waste Management failed to cure the violation within the 30-day statutory period provided by the CCPA.

## STANDARDS OF REVIEW

This Court reviews "*de novo* the dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations as true, and drawing all reasonable inferences in the plaintiff's favor." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) (citation omitted). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This Court reviews a district court's denial of leave to amend for abuse of discretion. *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000).

9

## ARGUMENT

**I.**  **The District Court Abused Its Discretion in Failing to Provide Plaintiffs an Opportunity to Amend their Complaint**

FRCP 15(a)(2) provides that "... leave shall be freely given when justice so requires." And this Court has repeatedly held this mandate should be followed. *See*, *e.g.*, *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (the "permissive standard" of Rule 15 "is consistent with our strong preference for resolving disputes on the merits") (internal quotation marks omitted); *Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006) ("[w]ithout doubt, this circuit strongly favors liberal grant of an opportunity to replead after dismissal of a complaint under Rule 12(b)(6)").

The liberal dictate of Rule 15(a) is particularly applicable when an order granting a motion to dismiss is the first time the lower court has ruled on the merits of the complaint. *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) ("[w]ithout the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies"). This Circuit's jurisprudence is replete with decisions reversing orders denying leave to amend concurrently with granting the first motion to dismiss, reasoning the plaintiff cannot know whether an amendment is necessary until after receiving the court's ruling. *See Attestor Value Master Fund v. Republic of Arg.*, 940 F.3d 825, 833 (2d Cir. 2019) ("[w]e have been

10

particularly skeptical of denials of requests to amend when a plaintiff did not previously have a district court's ruling on a relevant issue"); *Kopchik v. Town of E. Fishkill,* 759 F. App'x 31, 38 (2d Cir. 2018) ("[t]here is no obligation on a plaintiff to expend time and resources to amend a complaint before knowing whether the court will find it insufficient, and if so, in what ways"); *Cresci v. Mohawk Valley Cmty. Coll.*, 693 F. App'x 21, 25 (2d Cir. 2017) ("[t]he proper time for a plaintiff to move to amend the complaint is when the plaintiff learns from the District Court in what respect the complaint is deficient"); *Williams*, 659 F.3d at 214 (reversing order denying leave to amend following a motion to dismiss). And these concerns are even further amplified in cases such as this one that involve "a complex commercial reality" and "a long, multi-prong complaint" because "pleading defects may not only be latent, and easily missed or misperceived without full briefing and judicial resolution; they may also be borderline, and hence subject to reasonable dispute." *Loreley*, 797 F.3d at 191.

Even though myriad Second Circuit decisions "counsel[] strongly against the dismissal of claims with prejudice prior to 'the benefit of a ruling' that highlights 'the precise defects' of those claims," *Senisi v. John Wiley & Sons, Inc.*, No. 13CV3314-LTS-AJP, 2016 U.S. Dist. LEXIS 33338, at *10 (S.D.N.Y. Mar. 15, 2016), that is just what the District Court did here. It dismissed the complaint without providing

11

Plaintiffs even one opportunity to amend. And it did so without providing any reason for refusing to allow the filing of an amended complaint.

That is especially troubling in this case because one of the District Court's primary bases for granting Waste Management's Motion to Dismiss was its belief that Plaintiffs had not alleged sufficient facts to show that Waste Management's data security was inadequate at the time of the breach. *See* JA141-42, JA144, JA148, JA152. In other words, the District Court's ruling relied on exactly the type of perceived pleading deficiency that could be cured by an amendment. And while Plaintiffs disagree that the Complaint was deficient, they can and will add further allegations concerning Waste Management's data security practices and how they resulted in the Data Breach, given an opportunity to amend. As such, "the district court exceeded the bounds of its discretion in denying Plaintiffs leave to amend their complaint." *Loreley*, 797 F.3d at 189.

The permissive standard for leave to amend is as close to bedrock law as can be. Many years ago, the United States Supreme Court noted that "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'" and commanded that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("*Foman*"). The high court reasoned that if, as is the case here, "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* As the court

12

explained, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.* And while a district court has discretion to deny leave to amend under proper circumstances, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.*

Here, the District Court abused its discretion in the manner prohibited by *Foman*. The Court did not offer any "justifying reason" for refusing to allow leave to amend after granting the motion to dismiss. *See id.* Instead, the Conclusion section of the order granting the motion to dismiss just states the motion is granted and "[t]he Clerk of Court shall enter judgment for the defendant and close the case." JA153. There is no mention of any consideration given to allowing the filing of an amended complaint or justification for not permitting it.

Perhaps the District Court felt Plaintiffs should have requested leave to amend the complaint before it issued a final ruling on the motion to dismiss. But if so, that is directly contrary to this Circuit's rulings. Under the law in the Second Circuit, "[a] plaintiff has no obligation to replead merely because the defendant has argued that

13

the complaint is deficient, without knowing whether the court will agree." *Cresci*, 693 F. App'x at 25. That is because "[i]t is the District Court's ruling, not the defendant's arguments in support of a motion to dismiss, that puts a plaintiff on notice of the complaint's deficiencies." *Id.*

Indeed, this Court squarely rejected this kind of reasoning by a district court in *Cresci*, 693 F. App'x 21. In *Cresci*, this Court reversed a district court order dismissing a case while simultaneously having judgment entered, just as the District Court did here. Just as in this case, the plaintiff in *Cresci* "learned what deficiencies the court had found upon receiving the District Court's order dismissing his complaint, but that same order prohibited [him] from amending his complaint." *Id.* at 25. This Court reversed that ruling. *Id.* The *Cresci* court reiterated that "[t]he proper time for a plaintiff to move to amend the complaint is when the plaintiff learns from the District Court in what respect the complaint is deficient." *Id.* That is because "[b]efore learning from the court what are its deficiencies, the plaintiff cannot know whether he is capable of amending the complaint efficaciously." *Id.* Because the district court's order did not provide the plaintiff an opportunity to amend the complaint after being apprised of the court's analysis, this Court concluded that "the District Court exceeded the permissible bounds of its discretion in failing to heed the message of *Loreley*, and denying [the plaintiff] an opportunity to amend after the court rendered its decision on defendant's motion to dismiss." *Id.*

14

Likewise, in *Williams*, 659 F.3d 208, another panel of this Court reversed an order granting a motion to dismiss and refusing leave to amend, finding it irreconcilable with *Foman*. In *Williams*, the district court refused to allow leave to amend after granting a motion to dismiss because the plaintiff "failed to request an opportunity to replead in the first instance." *Id.* at 214. In reviewing that order, this Court noted that while the court's language was vague and could have meant either that "the plaintiff was under obligation to seek leave to replead either immediately upon answering the motion to dismiss the complaint (without yet knowing whether the court will grant the motion, or, if so, on what ground), or immediately upon receipt of the court's ruling granting the motion and prior to the entry of judgment thereupon[,]" it did not matter because "[r]egardless which of the two the court had in mind, *Foman* makes unmistakably clear there is no such rule." *Id.*

This case is no different. Just as in all the above cases, "the court's denial of leave to replead, simultaneously with its decision that the complaint was defective, effectively deprived [Plaintiffs] of a reasonable opportunity to seek leave to amend. Such a denial is not compatible with the liberal objective of Rule 15." *Cresci*, 693 F. App'x at 25. Accordingly, the District Court's order should be reversed, and the District Court directed to allow Plaintiffs to file an amended complaint.

15

## II.     The District Court Misapplied the Rule 8 Pleading Standard

FRCP 8(a)(2) requires merely a short and plain statement of the claim showing that the pleader is entitled to relief. Detailed factual allegations are not required. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Instead, courts "must accept as true all nonconclusory factual allegations in the complaint and draw all reasonable inferences in the Plaintiffs' favor." *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021). Such inferences should be based on "judicial experience and common sense." *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012). Respectfully, the District Court did not follow this guidance. Instead, despite citing directly to the Rule 8(a)(2) standard, the District Court implicitly conflated the plausibility requirement with the particularity standard under Rule 9(b)[4] and ignored Plaintiffs' allegations. JA133.

The District Court's misapplication of the notice pleading standard is evident throughout its dismissal of Plaintiffs' claims for negligence, unjust enrichment, breach of implied contract, and violations of the CCPA and UCL. Notably, in dismissing Plaintiffs' claim for negligence, the District Court stated:

> [T]he [Complaint] does not allege that employees' PII was not stored in an encrypted format, does not allege that Waste Management failed to delete old data, and does not point to any other failure to adhere to FTC data security guidelines. At most, the [Complaint] suggests (although it

---

[4] Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Plaintiffs did not allege fraud or mistake (and Defendant did not argue otherwise).

16

> does not affirmatively allege) that attackers may have been able to access [P]laintiffs' PII in an unencrypted form. But this allegation does not plead that employees' PII was stored unencrypted on Waste Management's servers.

JA141-42.[5] Such statements are difficult to reconcile with the allegations in the Complaint, especially in light of the fact that the Court must accept as true all allegations in the Complaint and draw all reasonable inferences in Plaintiffs' favor. For example, contrary to the District Court's statements about encryption (JA142), Plaintiffs do indeed affirmatively allege that attackers were "able to access [P]laintiffs' PII in an unencrypted form." *See* JA32 at ¶ 7 n.5 ("The information exposed in the Data Breach was unencrypted."). The veracity of this allegation is supported by the fact that Defendant reported the Data Breach to the California Attorney General and notified California residents:

> California law requires companies to notify California residents "whose **unencrypted** personal information was, or is reasonably believed to have been, acquired by an unauthorized person" due to a "breach of the security of the system[.]" Defendant notified the California Attorney

---

[5] For these same reasons, the District Court dismissed Plaintiffs' claims for breach of implied contract, unjust enrichment and violations of the CCPA and UCL. *See* JA144, JA146, JA148, JA151. With regard to Plaintiffs' unjust enrichment claim, the District Court also found that Plaintiffs "do not allege that Waste Management benefitted at the plaintiffs' expense." JA146. This finding ignores Plaintiffs' allegations that "Defendant was knowingly enriched by the costs savings resulting from failing to reasonably expend[] monies to protect Plaintiffs' and Class members' PII." JA93 at ¶ 286. Instead of drawing reasonable inferences in Plaintiffs' favor, the Court improperly decided, contrary to the allegations in the Complaint, that "[t]he third-party hackers benefitted at the expense of both the plaintiffs and Waste Management, and it is that person or persons which in equity and good conscience owes restitution to the plaintiffs." JA146.

General of the Data Breach on or about May 28, 2021, evidencing that the exposed data was unencrypted.

JA32 at ¶ 7 n.5 (emphasis and alteration in original) (internal citation omitted).

Case law supports Plaintiffs' position that specific allegations of a failure to encrypt or delete old data are sufficient to state a claim. *Cf. Toretto v. Donnelley Fin. Sols., Inc.*, No. 1:20-CV-2667-GHW, 2022 U.S. Dist. LEXIS 20558, at *39-40 (S.D.N.Y. Feb. 4, 2022) (declining to dismiss negligence claim where plaintiffs alleged defendant "failed to encrypt the personal information stored on its servers."); *Portier v. NEO Tech. Sols.*, No. 3:17-CV-30111-TSH, 2019 U.S. Dist. LEXIS 227494, at *36 (D. Mass. Dec. 31, 2019), *report and recommendation adopted*, 2020 U.S. Dist. LEXIS 28521 (D. Mass. Jan. 30, 2020) ("Because Plaintiffs claim that Defendants failed to employ reasonable security measures, including encryption, … the Complaint adequately alleges that Defendants breached their duty of reasonable care."); *Karter v. Epiq Sys. & Epiq Class Action & Claims Solutions*, No. SACV 20-01385-CJC (KESx), 2021 U.S. Dist. LEXIS 189258, at *6 (C.D. Cal. July 16, 2021) (denying motion to dismiss CCPA claim where plaintiff "alleged that his personal information was exfiltrated in a nonencrypted and nonredacted form."); *Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, No. 316CV00014GPCBLM, 2016 U.S. Dist. LEXIS 152838, at *33 (S.D. Cal. Nov. 3, 2016) ("Because Plaintiff alleges that … Defendants failed to employ reasonable security measures to protect … PII, such as the utilization of industry-standard encryption, the Court finds that Plaintiff has

18

sufficiently alleged a … breach at this stage."). Here, Plaintiffs have clearly alleged the data was unencrypted.

Furthermore, contrary to the District Court's statement that the Complaint "does not allege that Waste Management failed to delete old data" (JA142), the Complaint alleges that Plaintiff Harris has not worked for Defendant in over 15 years, and Plaintiff Marcaurel has not worked for Defendant in more than 20 years. JA52 at ¶ 72, JA63 at ¶ 133. Yet both received notifications from Defendant that their information was compromised in the Data Breach. JA52 at ¶ 73, JA63 at ¶ 134. Taking these allegations as true and drawing all reasonable inferences in Plaintiffs' favor, there is no question that the Complaint alleges that Defendant failed to delete "old and unnecessary data." *Cf.* JA141.[6]

---

[6] To the extent the District Court faulted Plaintiffs for not expressly alleging Waste Management failed to delete outdated PII, that is precisely the type of factual allegation Plaintiffs could have added to an amended complaint. Moreover, it is important to keep in mind that at this stage, the plausibility of claims should be judged from the perspective of the named plaintiffs—not the class at large. *Biscone v. JetBlue Airways Corp.*, 681 F. Supp. 2d 383, 386 (E.D.N.Y. 2010) ("As a general rule, until a class action is certified pursuant to Rule 23 of the Federal Rules of Civil Procedure, the claims of potential class members cannot be considered."); *see also Police and Fire Ret. Sys. v. IndyMac MBS, Inc.*, 721 F.3d 95, 112 n.22 (2d Cir. 2013) ("[U]ntil certification there is no class action but merely the prospect of one; the only action is the suit by the named plaintiffs.") (quotation omitted).

In sum, had the District Court taken Plaintiffs' well pleaded allegations as true and drawn reasonable inferences in Plaintiffs' favor, it should not have concluded that Plaintiffs failed to state plausible claims. For example, in *Sackin v. TransPerfect Global, Inc.,* 278 F. Supp. 3d 739, 748 (S.D.N.Y. Oct. 4, 2017), the Court held the Plaintiffs' complaint sufficiently alleged that the defendant violated its duty to take reasonable steps to protect its employees' PII. The complaint alleged that the defendant was aware of the sensitivity of PII, and the need to protect the PII, and its website warned PII was vulnerable to hacking. *Id.* The complaint also alleged that, despite this knowledge, the defendant failed to take reasonable steps to prevent the wrongful dissemination of Plaintiffs' PII. *Id.* The *Sackin* court held these allegations were sufficient to state a claim for negligence.

Like in *Sackin,* Plaintiffs' Complaint alleges Waste Management failed to take reasonable and adequate cyber security measures to protect Plaintiffs' and Class members' PII, causing a Data Breach and injuring Plaintiffs and Class members. *See* JA33 at ¶ 10, JA51-52 at ¶¶ 70-71, JA82-83 at ¶ 240, JA93 at ¶ 286, JA97 at ¶ 304, JA99 at ¶¶ 314-15. Plaintiffs' Complaint further alleges Defendant's Employee Handbook includes specific language about employee privacy and the confidentiality of the company's affairs, including the handling and protection of Plaintiffs' and Class members' PII. JA84-85 at ¶¶ 246-248. The Handbook promises, in part, to safeguard PII, stating: employee PII is treated as "confidential" information;

individuals with access to confidential information must protect it from disclosure; confidential information should only be stored in access–restricted and protected areas; it is only to be shared with authorized people; and unauthorized disclosure is a violation of company policy and may result in legal action against Defendant and/or individuals involved. JA85 at ¶ 248. Therefore, like the *Sackin* court, the District Court should have concluded that, at this stage of the case at least, the allegations contained in the Complaint were sufficient to state a claim and should have denied the motion to dismiss.

Waste Management will have an opportunity to challenge the veracity of the allegations in the Complaint later. "But at this stage, especially when the bases for dismissal upon which Defendants rely do not appear in the complaint…. Plaintiff's allegations are sufficient to survive a motion to dismiss." *Karter*, 2021 U.S. Dist. LEXIS 189258 at *7. "Because plaintiffs may not possess technical information at this stage of the case, they are not required to identify exactly what the defect was or how the devices failed." *Ward v. Argon Med. Devices, Inc.*, No. 3:17-CV-640, 2018 U.S. Dist. LEXIS 46801, at *13 (N.D.N.Y. Mar. 22, 2018). Accordingly, the District Court erred in imposing the wrong pleading standard and Plaintiffs respectfully request this Court reverse the judgment of the District Court.

21

### III.    The District Court Erred in Dismissing the CCPA Claim

The District Court dismissed Plaintiffs' claim arising under the CCPA, finding that the Complaint fails to plausibly allege that Waste Management (1) "breached its duty to 'implement and maintain reasonable security procedures and practices appropriate to the nature of the information'" (citing Cal. Civ. Code § 1798.150(a)(1) and *Maag v. U.S. Bank,* No. 21-cv-00031-H-LL, 2021 U.S. Dist. LEXIS 233009, at *4 (S.D. Cal. Apr. 8, 2021)) and (2) "failed to cure its alleged violations of the CCPA." JA148.  Both of these holdings were error.

### A.    Plaintiffs Plausibly Allege Waste Management Breached Its Duty.

In the Eighth Count of the Complaint, Plaintiffs Marcaurel and Fierro ("California Plaintiffs") allege that Defendant's data security practices were "inadequate to safeguard California Plaintiffs' and California Class members' PII," and that Defendant "failed to implement and maintain reasonable security procedures and practices appropriate to the nature of the information."  JA97 at ¶ 304.

Throughout the Complaint, the California Plaintiffs allege substantive facts detailing reasonable security measures Defendant should have taken, but did not, pursuant to various state and federal regulations, industry practices, and common law. The Complaint alleges Defendant could have, but failed to: (1) encrypt files containing employees' full names, Social Security numbers, dates of birth, and driver's license numbers; (2) properly dispose of personal information that is no

22

longer needed, based on the fact that several of the Plaintiffs had not been employed by Waste Management for years—or even decades—before the data breach, yet their records were among those stolen; (3) encrypt information stored on computer networks; (4) understand its network's vulnerabilities and implement policies to correct security problems; (5) limit access to sensitive data; (6) require complex passwords to be used on networks; (7) use industry-tested methods for security; (8) monitor for suspicious activity on the network; and (9) verify that third-party service providers have implemented reasonable security measures. JA41 at ¶¶ 37-40, JA50-51 at ¶¶ 66-70, JA52 at ¶ 72, JA63 at ¶ 133. Notably, California Plaintiffs allege that these failures led to the Data Breach:

> The Data Breach was a direct and proximate result of Defendant's failure to: (a) properly safeguard and protect Plaintiffs' and Class members' PII from unauthorized access, use, and disclosure, as required by various state and federal regulations, industry practices, and common law; (b) establish and implement appropriate administrative, technical, and physical safeguards to ensure the security and confidentiality of Plaintiffs' and Class members' PII; and (c) protect against reasonably foreseeable threats to the security or integrity of such information.

JA73-74 at ¶¶ 201-03. Plaintiffs also allege Waste Management failed to timely implement and notify California Plaintiffs and Class members about the Data Breach so they could take immediate steps to mitigate the substantial risk of harm. JA41 at ¶¶ 37-40.

It is undisputed that California Plaintiffs allege that their information was unencrypted. JA32 at ¶ 7 n.5. It is also undisputed that Defendant failed to delete PII

that was no longer needed, such as Plaintiff Macaurel's PII, which was inadequately maintained by Defendant more than twenty years after she was employed. JA52 at ¶¶ 72-73, JA63 at ¶ 133. These security procedures alone are inadequate for the sensitive information at issue. *See, e.g.,* JA35-36 at ¶ 17, JA50 at ¶ 66, JA52 at ¶ 72, JA53 at ¶ 81.

In finding Plaintiffs' allegations insufficient, the Court relied upon *Maag*, 2021 U.S. Dist. LEXIS 233009, at *4. In *Maag*, unlike here, the plaintiff had not alleged *any facts* to support the CCPA claim. This case is different because the California Plaintiffs alleged, by inference or fact, that Waste Management failed to delete PII that was no longer needed, and failed to encrypt California Plaintiffs' and Class members' information despite its highly sensitive nature.

This distinction renders *Maag* inapposite, as the California Plaintiffs have alleged unrebutted facts that constitute violations of Defendant's duty under the CCPA to implement reasonable security procedures adequate to the nature of the information.

### B. Plaintiffs Sufficiently Allege Defendant Failed to Cure its CCPA Violations.

The California Plaintiffs allege that they are entitled to statutory damages under the CCPA, which provides a private right of action and statutory damages where there has been "unauthorized access and exfiltration, theft, or disclosure as a result of the business's violation of the duty to implement and maintain reasonable

24

security procedures and practices appropriate to the nature of the [consumer's personal information]." Cal. Civ. Code § 1798.150(a)(1).[7] But, the CCPA also states that there is no right to statutory damages, "[i]n the event a cure is possible, if within the 30 days the business actually cures the noticed violation[.]" Cal. Civ. Code § 1798.150(b).

Here, the California Plaintiffs allege that Defendant failed, or was unable, to cure the violation within the 30-day statutory period. JA98 at ¶ 307. The violation, *i.e.*, the Data Breach, includes many different failures on Defendant's part, as detailed above, to implement reasonable security procedures and practices. *See e.g.*, JA32 at ¶ 7 n.5, JA52 at ¶¶ 72-73. Contrary to its claims that it has cured its CCPA violations, Defendant has never stated (whether in its response to Plaintiffs' 30-day notice letters, its motion to dismiss, or otherwise) that it has removed or purged California Plaintiffs' and Class members' PII that it has continued to retain long after any employment relationship ends. On the contrary, in its letter to Plaintiffs, Waste Management only makes the vague claim that it has "taken measures to provide that no further alleged CCPA violations shall occur. Specifically, the vulnerabilities involved on the affected servers have been patched" without explaining what those

---

[7] The District Court found that the California Plaintiffs "plainly satisfy" that there was "unauthorized access and exfiltration, theft, or disclosure." JA147.

measures or patches actually are. *See* JA122 (Waste Management's CCPA 30-day notice response).

That is not a cure for a Data Breach that has already happened. Even assuming for the sake of argument that Waste Management has fixed certain data security deficiencies—an assumption not warranted by Waste Management's claim to have cured the violation by implementing "measures" and "patches"—the fact remains that the PII of Plaintiffs and the putative Class has already been stolen and is in the hands of cybercriminals. Defendant's "measures" and "patches" do nothing to cure the damage Plaintiffs and the putative Class have suffered and will continue to suffer from that theft.

If a defendant could "cure" a serious data breach and ensuing identity theft caused by violations of the CCPA simply by making a few security upgrades, the CCPA would be meaningless. Defendant's interpretation of the CCPA would allow defendants to simply fix (or claim to fix) the unreasonable security procedures that lead to a violation rather than cure the violation itself. Such an interpretation would require courts to entirely ignore the statute's language, that is "[i]n the event a cure is possible," (Cal. Civ. Code § 1798.150(b)) which implies that there are cases where a cure may be impossible. Indeed, post-hoc changes in security cannot cure the Data Breach here. As Defendant must acknowledge, "[a] statute should be construed so that effect is given to all its provisions . . . ." *T-Mobile W. LLC v. City & Cnty. of*

*San Francisco*, 3 Cal. App. 5th 334, 351 (2016) (quotations and citation omitted), *as modified on denial of reh'g*, No. A144252, 2016 Cal. App. LEXIS 859 (Oct. 13, 2016), *aff'd*, 6 Cal. 5th 1107 (2019).

Moreover, as the CCPA acknowledges when it uses the phrasing "in the event a cure is possible," it is often *impossible* to cure a violation of the CCPA retroactively. Here, the California Plaintiffs' and Class members' information was made available and accessed by unknown actors (criminals with the intent to misuse the PII) due to Defendant's lax security practices. JA32 at ¶ 7, JA41 at ¶ 38, JA52 at ¶¶ 72-73, JA73-74 at ¶¶ 201-03. This cannot be cured after the fact. Defendant effectively broadcasted California Plaintiffs' and Class members' most sensitive (and unencrypted) PII by not using reasonable and adequate safeguards. *See* JA32 at ¶ 7, JA41 at ¶ 38, JA52 at ¶¶ 72-73, JA73-74 at ¶¶ 201-03. The information revealed to the hackers is now available and will permanently remain available to anyone who wishes to misuse it due to Defendant's actions. No subsequent changes in its policies can undo Defendant's actions or remove the data they already made available from those that accessed it.

Conversely, a cure could be possible under certain situations where a defendant violates the CCPA, such as in the case of a physical theft of PII (where a defendant could retrieve a stolen hard drive), or in a case where a legitimate yet unauthorized third party gained access then subsequently returned the information to the original

source. But this is not such a case. As California Plaintiffs have alleged, harms resulting from the Data Breach have already begun and are not cured by Defendant's post-hoc changes.

This is precisely as the California Plaintiffs allege in their complaint: "Defendant did not cure the Data Breach within 30 days, and California Plaintiffs believe any such cure was not possible under these facts and circumstances." JA98 at ¶ 307. And even if this Court disagrees and believes a post-hoc encryption or deletion of the PII on Defendant's servers and not on the third-party servers could cure Defendant's violation, Defendant did not take such steps within the 30-day notice period—the record contains no suggestion that Defendant took such steps. *See* JA 113-14, JA120-26.

In sum, California Plaintiffs' claim for statutory damages under the CCPA must stand because Plaintiffs adequately alleged that Defendant violated the CCPA and did not cure (and indeed likely cannot cure) its violation.

## CONCLUSION

For the foregoing reasons, this Court should reverse the District Court's order dismissing this action without leave to amend and vacate the Judgment.

Respectfully submitted,

*/s/ Matthew M. Guiney*
MATTHEW M. GUINEY
LILLIAN GRINNELL (admission pending)

28

WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016
Tel: (212) 545-4600;
Fax: (212) 686-0114

*Counsel for Plaintiffs-Appellants*

July 8, 2022

# CERTIFICATE OF COMPLIANCE

1.  This document complies with the page limit of Fed. R. App. P. 32(a)(7)(A) because it does not exceed thirty (30) pages.

2.  This document complies with the type-volume limit of Fed. R. App. P. 37(a)(7)(B) and Local Rule 32.1(a)(4)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 6,709 words.

3.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14 point font.

Dated:  July 12, 2022                              /s/ *Matthew M. Guiney*
                                                   MATTHEW M. GUINEY
                                                   *Attorney for Plaintiffs-Appellants*